IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| James E. Bethea Jr. | |
| Petitioner/Plaintiff, | Case No. _____ |
| vs | |
| TitleMax of Georgia, d/b/a/ TitleMax of Brunswick, Inc., Manning Recovery Service Inc, DOES 1-16 | Judge _____ |
| Defendants. | Jury Trial Demanded |

COMPLAINT
Preliminary Injunction

Breach of Contract

## I. PRELIMINARY STATEMENT

1. Plaintiff, James E. Bethea, institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against the defendant for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto.

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 1334 in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 157(b)(2) and § 1334.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| James E. Bethea Jr. | |
| Petitioner/Plaintiff, | Case No. _____ |
| vs | |
| TitleMax of Georgia, d/b/a/ TitleMax of Brunswick, Inc., Manning Recovery Service Inc, DOES 1-16 | Judge_____ |
| Defendants. | Jury Trial Demanded |

**COMPLAINT**
Preliminary Injunction

Breach of Contract

### I. PRELIMINARY STATEMENT

1. Plaintiff, James E. Bethea, institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against the defendant for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto.

### II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 1334 in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 157(b)(2) and § 1334.

4. This proceeding arises from a violation of the Truth in Lending Act, 15 U.S.C. § 1640(e).

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

6. The plaintiff, James Bethea, is a resident of the State of Georgia within the Southern District of Georgia for venue purposes.

7. TitleMax of Georgia, Inc. ("TitleMax") is an Georgia corporation doing business in the State of Georgia. TitleMax operates a pawnbroker business.

8. TitleMax may be served with process by serving CT Corporation System, 1201 Peachtree Street, NE, Atlanta Georgia, 30361 36104.

9. Manning Recovery Service Inc. ("Manning") is an Georgia corporation doing business in the State of Georgia. Manning operates a towing service.

10. TitleMax may be served with process by serving CT Corporation System, 1201 Peachtree Street, NE, Atlanta Georgia, 30361 36104.

11. At all times relevant hereto, the defendant, TitleMax, regularly extended or offered to extend consumer credit for which the payment of a finance charge is or may be required, and is the person to whom the transaction which is the subject of this action is initially payable, making defendant a creditor within the meaning of TIL, 15 U.S.C. § 1602(g) and Regulation Z § 226.2(a)(17).

## IV. FACTUAL ALLEGATIONS

12. On or about November 7, 2011, plaintiff entered into a "vehicle title pledge agreement / pawn ticket" with the defendant.

13. The agreement states payment in full was due on December 7, 2011.

14. This agreement is subject to the Truth in Lending Act.

15. The defendant in this case made inadequate disclosures in accordance with its obligations under the Truth in Lending Act.

16. Those inadequate disclosures were inaccurate in that the defendant's disclosures allege an APR of 121.55% when in fact the APR is actually 128.8387%.

17. The variance in the APR disclosure is 7.2887%.

18. The Truth in Lending Act provides that the APR disclosure may not deviate more than .125% in a consumer transaction.

19. Pursuant to the Truth in Lending Act a violation of the disclosure requirements for APR is a violation of TILA subjecting the offending creditor to an award of actual damages, statutory damages, attorney's fees and costs.

## V. FIRST CAUSE OF ACTION

20. The Plaintiff realleges all prior paragraphs as if set out here in full.

21. The disclosure statement issued in conjunction with this consumer credit

transaction violated the requirements of the Truth in Lending Act and Regulation Z by understating the disclosed annual percentage rate by more than .125% in violation of 15 U.S.C. §§ 1631 and 1638, and Regulation Z §§ 226.17, 226.18 and 226.22(a)(2).

22. By reason of the aforesaid violations of the Act and Regulation Z, defendant is liable to plaintiff for any actual damages, statutory damages, attorney's fees and the costs of this action.

WHEREFORE, the Plaintiff, having set forth the claims for relief against the Defendant, respectfully prays of this Honorable Court as follows:

A. That Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by his attorney; and

D. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated this 7th day of January, 2014.

Respectfully submitted,

*James E. Bethea*
James E. Bethea
117. TImbeR Ridge DR
BeunswIck GA 31525

SUMMONS:

C T CORPORATION SYSTEM
1201 Peachtree Street, NE
Atlanta, Georgia 30361

Registered Agent for TITLEMAX OF GEORGIA, INC.

Timothy Wilson
4114 Ross Rd,
Brunswick, GA 31520

Registered Agent for Manning Recovery Services, Inc.