# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| JAMES E. BETHEA, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 214-003 |
| | * | |
| TITLEMAX OF GEORIGA, INC, | * | |
| MANNING RECOVERY SERVICES, | * | |
| INC. and DOES 1-16, | * | |
| | * | |
| | * | |
| Defendants. | * | |

## ORDER

Plaintiff filed a complaint on January 9, 2014, alleging violations of the Truth in Lending Act ("TILA"). Dkt. No. 1, pg. 3. Defendants TitleMax of Georgia, Inc. ("TitleMax") and Defendant Manning Recovery Services, Inc. ("Manning") filed motions to dismiss (Dkt. Nos. 10, 12). For the reasons stated below, both motions are **GRANTED**.

## BACKGROUND

Plaintiff alleges that on or around November 7, 2011, he entered into a "vehicle title pledge agreement/pawn ticket" with TitleMax, which states that payment in full was due on December 7, 2011. Dkt. No. 1, pg. 3, ¶¶ 12, 13. Plaintiff alleges that

1

TitleMax made inadequate disclosures in that the disclosures allege an annual percentage rate of 121.55% when the APR is actually 128.8387%. Plaintiff contends that TILA prohibits deviations of more than .125% in a consumer transaction, and that the variance at issue is 7.2887%. Id. at ¶¶ 17, 18. Plaintiff prays for actual damages, statutory damages, and legal fees and expenses. Id. at pg. 4.

Defendant TitleMax moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). See Dkt. No. 10. Defendant Manning also moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Dkt. No. 12. The Magistrate Judge ordered Plaintiff to file any objections within twenty-one (21) days of March 24, 2014. See Dkt. No. 16. Plaintiff filed a late response, asserting inapplicable state procedural law. See Dkt. No. 18. The Court has carefully considered the entire record in determining that the Motions to Dismiss are proper.

## LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v.

AO 72A
(Rev. 8/82)

Twombly, 550 U.S. 544, 570 (2007). Although "detailed factual allegations" are not required to survive a 12(b)(6) motion, "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In assessing a 12(b)(6) Motion to Dismiss, the Court is "limited primarily to the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "construe[] the complaint in the light most favorable to the plaintiff and accept [] all well-pled facts alleged . . . in the complaint as true." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). A court should only grant a Rule 12(b)(6) Motion to Dismiss if the plaintiff is unable to plead facts sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 545.

## DISCUSSION

As noted above, Plaintiff brings his claim pursuant to TILA, which provides for civil liability in 15 U.S.C. § 1640. Specifically, 15 U.S.C. § 1640(e) requires that actions be brought "within one year from the date of the occurrence of the violation." Plaintiff alleges that TitleMax made inadequate disclosures when Plaintiff entered into a "vehicle title pledge agreement/pawn ticket" on or around November 7, 2011.

3

Significantly more time than one year has passed since the date of the alleged violation. Consequently, this action is time-barred, and Defendant TitleMax's motion is granted.

Plaintiff alleges no factual allegation against Defendant Manning. Consequently, Defendant Manning's 12(b)(6) motion to dismiss (Dkt. No. 12) is granted.

## CONCLUSION

For the reasons stated above, Defendant TitleMax's Motion to Dismiss (Dkt. No. 10) is **GRANTED** and Defendant Manning's Motion to Dismiss (Dkt. No. 12) is **GRANTED.**

**SO ORDERED**, this 27TH day of May, 2014.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)